## Hornsey Will

L. Pierre Teillon, Jr., for executors.

Martin A. Heckscher, for John M. McCormick.

MEMORANDUM OPINION BY TAXIS, J., MARCH 2, 1981:

This matter originated by an appeal from probate filed by John M. McCormick, father, on behalf of his three minor sons, John, Jr., William and James.

Ethel W. Hornsey died on October 3, 1980, a resident of Montgomery County. Her will dated June 23, 1978, was probated and letters testamentary granted to John W. Hornsey, III and Frances H. Otley, the executors named in the will. The executors are children of the decedent. The decedent was survived also by the three minor children of a deceased daughter, Carol McCormick. John McCormick, the appellant, was the husband of Carol McCormick and contests this will on behalf of his minor sons.

Under the terms of the probated will, Mrs. Hornsey left her tangible personal property to her two surviving children and made cash gifts of $10,000 each to each of the three minor grandchildren mentioned earlier. They are children of a deceased daughter, Carol. She appended a proviso to said gifts as follows: "provided that such amount for each child shall be reduced even to zero by any amount he receives following my death from the trust under the will of my late husband." The court was advised that under the husband's will each child will, in all likelihood, receive more than $10,000 and therefore stands to receive nothing under the grandmother's will. A prior will, so the court was advised, made equal distribution of residue to the decedent's three children, including Carol H. McCormick, and provided that the share of a deceased child be distributed to the child's living issue, per stirpes.

Objections to the appeal were filed by the executors *qua* executors and by them individually stating that the appellant, John M. McCormick, had no standing to contest the will of his mother-in-law. On the return day, counsel for John M. McCormick agreed that John M. McCormick in his own right had no standing to contest the will but by agreement subsequently there was filed by Martin A. Heckscher, Esq., who was counsel for John M. McCormick, a petition under Section 751 of the Probate, Estates and Fiduciaries Code seeking the appointment of Mr. Heckscher as guardian ad litem for the three minors. In such capacity as guardian ad litem he asks to be permitted to assume the role of contestant in the appeal from probate.

Objections to the appointment of Mr. Heckscher as guard-

ian ad litem were filed by the proponents, alleging that there appears to be a conflict between Mr. Heckscher serving as guardian ad litem in representing the minors and his role also in representing John M. McCormick, the father.

The appointment of a guardian ad litem by the court is one that rests in the sound discretion of the court. If a conflict appears, an appointment should be made which avoids this conflict.

Moreover, a guardian ad litem should carefully study the circumstances to decide, on his own, whether the interests of his wards would be advanced by appealing from probate. There is a necessity for independence on the part of the guardian ad litem so as to provide independent advice to his wards. In this regard, Mr. Heckscher seems already to have decided this issue but at a time when he was representing the father and thus the necessary independence of the guardian may be affected by his prior representation of the son-in-law. Such conflict can easily be avoided. The request to appoint Martin A. Hechscher as guardian ad litem therefore is refused. Cf. *Weisbrod Est.*, 23 Dist. 197.

It should be made unmistakably clear that no objection is made to the fitness of Mr. Heckscher whose appointment is requested. His professional standing and reputation are of the best.

The court, after further consideration, is satisfied that Parke H. Ulrich, Esq. would be a capable guardian ad litem in these circumstances and is therefore appointed guardian ad litem for John M. McCormick, Jr., William H. McCormick and James W. McCormick. In his capacity as guardian ad litem for these minors he is to review the matters carefully and decide whether or not it is in the best interests of his wards whether this appeal should be prosecuted or withdrawn.

In connection with the appeal from probate, Parke H. Ulrich, Esq. is hereby substituted as petitioner for these minors.